**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-80099-CANNON**

**UNITED STATES OF AMERICA,**

**vs.**

**DANIEL ELIE BOUAZIZ,**

**Government's Response to Defendant's Motion To Modify Conditions of His Release**

Defendant Daniel Elie Bouaziz ("Bouaziz") has filed a Motion requesting that this Court modify the conditions of his release and allow the defendant to travel outside the Southern District of Florida for work-purposes and prepare his defense, with prior notice to Pre-Trial Services (DE[1] 14). The United States respectfully opposes the defendant's request.

## BACKGROUND

On May 25, 2022, a criminal complaint was filed against Bouaziz in Case No. 22-mj-08209-RMM. On June 23, 2022, a seventeen-count federal indictment was filed in the above captioned-matter, charging Bouaziz with wire fraud, mail fraud, and money laundering related to his alleged art fraud scheme. According to the indictment, from at least as early as December 2020 and continuing until at least June 2022, Bouaziz was an art dealer and the owner of art galleries, to include Danieli Fine Art and Galerie Danieli, located at 226A and 230 Worth Avenue, respectively, in Palm Beach, Florida. The indictment further alleges that it was a purpose of the scheme and artifice for Bouaziz to unlawfully enrich himself by obtaining money and property from individuals by making materially false and fraudulent pretenses, representations, and

[1] Docket entries for Case No. 22-CR-80099 are referenced herein as "DE."

promises, and by the intentional concealment and omission of material facts, concerning, among other things, the source and authenticity of certain art that Bouaziz sold to his customers (victims). The indictment alleges Bouaziz used a variety of means to carry out the fraud scheme. For example, Bouaziz knowingly purchased and acquired pieces that were not original works of art from various sources, to include online auction sites, at low prices, and falsely sold the pieces as originals, at drastically increased prices, at his retail art galleries. Bouaziz is alleged to have sold, or attempted to sell, fraudulent artwork from his galleries that he represented, to buyers, were genuine and original pieces rendered directly by prominent artists, such as Jean-Michel Basquiat, Andy Warhol, Banksy, and Roy Lichtenstein. The indictment further alleges, Bouaziz knew that the works were not genuine and original pieces but were fabricated pieces that were “after” or "in the manner of,” unauthorized prints, and/or other fraudulent artwork, that were not rendered directly by the prominent artists.

On May 27, 2022, the defendant was released on a $500,000 10% bond, co-signed by his spouse. United States Magistrate Judge Bruce E. Reinhart imposed bond conditions on the defendant, to include the restriction that Bouaziz may not travel outside the Southern District of Florida unless otherwise approved by the court prior to any such travel (DE 6). One of the special conditions of Bouaziz’s bond is an employment restriction, specifically that the defendant may continue to operate the art galleries only with the government’s ability to review the defendant’s financial records (*id.*).

Bouaziz now asks this Court to permit him to travel within the United States for work-purposes and to meet with expert witnesses related to his defense, with prior notice to Pre-Trial Services as to his proposed itinerary (DE 14).

**GOVERNMENT'S POSITION**

The government opposes the terms of the defendant's request to modify the conditions of his release to allow for domestic travel.

By the defendant's own admission, he is an owner of two art galleries on Worth Avenue and employs several individuals (DE 14). The defendant claims he sponsors artists from around the United States, who are commissioned to do his works (*id*.). The defendant contends he needs to travel to promote artists, attend art gallery showings, and visit customers' homes "to assess placement of pieces" and "to deliver and hang/mount those same pieces" (*id*.) Further, the defendant proffers that he needs to travel to meet expert witnesses to prepare his defense (*id*.).

The government does not seek to limit the defendant's ability to consult with experts and advance his legal defense. However, the government has an obligation to ensure that the public's financial safety is protected and that the defendant does not flee the jurisdiction. The defendant is a man with considerable financial means. Expert witnesses could potentially travel to the Southern District of Florida or consult with the defendant by phone or video conference. Further, the government is concerned that, without travel restrictions, the defendant may perpetuate the fraud scheme by selling and delivering fraudulent art outside the state of Florida.

According to U.S. Citizenship and Immigration Services ("USCIS") Bouaziz last arrived in the United States on or about November 8, 2020, and was admitted as a visitor for pleasure with authorization to remain in the country until May 7, 2021. Bouaziz did not enter the United States with authorization to work. On or about June 10, 2021, USCIS received an application for an extension of Bouaziz's authorized stay, which is still pending. On or about September 13, 2021, USCIS received Bouaziz's application for adjustment of status, which is still pending, at the same

time Bouaziz filed an application for employment authorization. While Bouaziz's work authorization was approved on June 14, 2022, USCIS advised the undersigned that it is the general practice of the United States government to authorize an applicant to work while awaiting an adjustment of status decision.

The government's position is that prior to Bouaziz's application for adjustment of status he was not authorized to work in the United States. The government's concern is that the defendant, by traveling out of the state of Florida, could pose a flight risk and potentially further his art fraud scheme by attempting to sell, selling, and delivering fraudulent art to potential victims. Therefore, the government opposes Bouaziz's request to travel for purported work purposes. If the Court is inclined to allow the defendant to travel domestically during the pendency of this case for business purposes, with prior notice to Pre-Trial Services as to his proposed travel itinerary, the government requests that defendant also be required to provide Pre-Trial Services with the following:

1. The name and contact information for Bouaziz's customer; and
2. The invoice, to include payment information, certificate of authenticity, and provenance for the customer's artwork.

The government believes that these restrictions are prudent to protect the public and ensure that justice is served.

[*The remainder of this page was intentionally left blank.*]

## CONCLUSION

Wherefore, the government opposes the defendant's request to travel for the reasons set forth above. In the event that the Court authorizes the defendant to travel, the government requests that the defendant be required to provide Pre-Trial Services with his proposed travel dates and itinerary, as well as detailed information regarding any purported customer and artwork.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *s/Sarah J. Schall*
Sarah J. Schall
Assistant United States Attorney
Court No. A5501805
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Tel. No. (786) 360-9896
Sarah.schall@usdoj.gov

**Certificate of Service**

I certify that on June 30, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system.

*/s/ Sarah J. Schall*
Sarah J. Schall
Assistant United States Attorney