UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80099-CR-AMC

UNITED STATES OF AMERICA,

Plaintiff,
vs.

DANIEL E. BOUAZIZ

Defendant.
_______________________________/

**DEFENDANT'S MOTION TO LIQUIDATE ASSETS**

COMES NOW, the Defendant, DANIEL E. BOUAZIZ, and files this, his Motion to Liquidate one particular asset, to wit: that certain leasehold interest in a 2017 Automobili Lamborghini, that is presently under the protection of this Court's order on bond (D.E. 6) requiring that the Defendant not sell, pledge or hypothecate any enumerated assets , and in support states as follows:

1. Defendant has been charged by Indictment with Wire and Mail Fraud and Money Laundering.

2. U.S. Magistrate Bruce Reinhart entered a bond order on May 27, 2022 (D.E. 6), which included several special conditions of bond, one of which

prohibited the Defendant from selling, pledging or hypothecating numerous assets. Those assets are encompassed in the attached letter from AUSA Sarah Schall to USPO Nathan Vreeland. Almost all of these assets came into the possession of the Defendant before any of the charged conduct set forth in the Indictment, and were purchased with non-tainted funds. These assets have a modestly estimated value of $15M-20M U.S.D. Most of that is in real property, situated in Palm Beach County, and solely owned by the Defendant.

3. Additionally, the Defendant is the owner of hundreds of pieces of art which are presently in the care, custody and control of the Government, having been seized by federal law enforcement during a search of the Defendant's Worth Avenue art galleries in December 2021. These include works too valuable to assess today, but include an original Monet, authenticated in the Catalogue Raisonne[1] Picasso plates, and other original works of art valued, conservatively at another $20M+ U.S.D. Finally, the Defendant has tens of millions of dollars worth of art situated in his two art galleries on Worth Ave. in Palm Beach County. These were never seized by federal authorities, most of which were purchased by the Defendant in advance of any of the charged conduct detailed in the Indictment.

4. The item which Defendant now petitions the Court to permit him to liquidate

[1] A Catalogue Raisonne is an annotated work detailing original works of art unique for a particular artist, as an attestation for a work's authenticity.

is a leasehold interest in a 2017 Automobili Lamborghini. The Government never sought an individual seizure order for the vehicle, in part, it could be argued, since the bank would have asserted an innocent owner defense. In any case, the Defendant does not have the liquid assets in lieu of his present criminal charges to continue to make such payments on the lease. Ironically, due to the value of the car, upon trading it in, and ending the lease, the Defendant stands to gain a return of $92,000.00.[2]

5. This money is a small amount that can be allocated to assist the Defendant in maintaining his business, paying payroll and commercial rent – and continuing the employment of several of his workers. There is more than adequate non-tainted assets to assure that any restitution and forfeiture can be satisfied out of what is presently in the possession of the Government, as well as assets tied up with the bond conditions explained above. Almost all of these assets pre-dated the charged conduct and were amassed over a lifetime of hard work by Bouaziz.

6. Defendant has, as of the time of the filing of this motion, reimbursed all purchasers (Buyers 1-6) noted in the Indictment, three of which were reimbursed prior to the Government conducting the search and seizure in

---

[2] The government confirmed in a letter to the undersigned that Bouaziz can now sell the vehicle for approximately $583,600.00. Bouaziz has an interest only lease, with a pay-out of approximately $491,000.00, plus taxes and fees, on the vehicle. Therefore, with the sale, Bouaziz will net a profit of approximately $92,000.00.

December 2021, and before the defendant was aware that law enforcement was investigating him. [3]

6. The Government opposes the relief requested herein.

---

[3] The undersigned has been in contact with a local buyer ("D.N.") who was partially reimbursed, but wished to keep certain items sold to her by Defendant and which items were not seized by law enforcement from her home. There is a small amount of money still owed to this buyer, and the undersigned is negotiating the return of items for which the buyer has been reimbursed.

WHEREFORE, the Defendant requests that this Honorable Court enter an order permitting the Defendant to turn in the 2017 Automobili Lamborghini and retain the sums outlined above for necessary expenditures.

.

I HEREBY CERTIFY that a copy of the foregoing was sent via CM/ECF to all parties this 6th day of July, 2022.

HOWARD J. SCHUMACHER, P.A.
1 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33301
(954) 356-0477
FL Bar No: 776335

/S/ Howard J. Schumacher, Esq.

HOWARD J. SCHUMACHER, ESQ.