UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-cr-80099-Cannon/Reinhart

UNITED STATES OF AMERICA )

v. )

DANIEL ELIE BOUAZIZ, )

Defendant. )

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1. Audio/video recordings of the defendant will be included with discovery.

2. Included with the discovery is a portion of the written record containing the substance of any oral statement made by the defendant before or after arrest during the course of an interview by any person then known to the defendant to be a government agent.

3. No defendant testified before the Grand Jury.

4. A copy of the defendant's NCIC record is included with the discovery.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant (to include items seized pursuant to the search warrants, specifically records, documents and other items seized from the gallery locations), may be inspected at a mutually convenient time. Please note that not all of the seized items were

able to be copied for defense counsel.

If counsel is interested in reviewing the materials, on behalf of his client, please contact the undersigned Assistant United States Attorney to set up a date and time that is convenient to both parties.

The materials provided to defense counsel in conjunction with this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

6. The recovered firearm is undergoing a forensic analysis. Upon receipt, the government will provide copies of the examination report.

An analysis was conducted on some of the artwork recovered during the execution of the search warrants. All applicable reports will be provided to counsel, upon receipt.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant

to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government will advise counsel if we become aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1. The telephone phone records, credit card statements, and bank records (ie: TD Bank, American Express) included in discovery are true copies of business records of the respective businesses and organizations. The records were made at or near the time of the transaction by, or from

information transmitted by, a person with knowledge of that transaction; the records were kept in the course of a regularly conducted activity of a business, organization, occupation, or calling; and making the record was a regular practice of that activity.

2. The firearm seized from the defendant's business at the time the search warrant was executed is a "firearm" as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, it is a weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

The government is working to confirm whether the firearm was manufactured outside the state of Florida and had thereby moved in interstate commerce before the firearm was discovered in the gallery.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The undersigned is in touch with defense counsel regarding this matter.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: */s/ Sarah J. Schall*
Sarah J. Schall
Assistant United States Attorney
Court No. A5501805
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Tel. No. (786) 360-9896
Sarah.schall@usdoj.gov

cc: Special Agent Marc Gervasi, FBI

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 26, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Sarah J. Schall*
Sarah J. Schall
Assistant United States Attorney