UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80099-CR-Cannon

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DANIEL E. BOUAZIZ,

Defendant.

_______________________________________/

**ORDER ON MOTION TO LIQUIDATE ASSET [ECF No. 19]**

Defendant Daniel Bouaziz asks permission to liquidate his leasehold interest in a 2017 Lamborghini automobile. Mr. Bouaziz will net approximately $92,000 from this transaction. He proposes to use the money to continue operating his business. The Government does not oppose surrendering the vehicle but argues that the proceeds should be held in escrow pending resolution of this case. ECF No. 21. Judge Cannon referred this request to me "for appropriate disposition." ECF No. 37.[1]

Mr. Bouaziz is charged with wire fraud, mail fraud, and money laundering related to an alleged art fraud scheme. The Government alleges, "During the course

[1] Title 28, United States Code, Section 636(b)(1)(A) allows a United States Magistrate Judge to enter a dispositive order on "any pretrial matter . . . except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash and indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to end voluntarily dismiss in action." *See also* S.D. Fla. Local Magistrate Judge Rule 1(c).

of the scheme, [Mr.] Bouaziz received no less than $800,000 in proceeds from victims, while buying and selling assets, to include high-value properties and vehicles." ECF No. 21 at 3. The Indictment contains a count seeking forfeiture of "any property, real or personal, which constitutes or derived from proceeds traceable to" the alleged fraud scheme. ECF No. 9 at 9. That count identified 14 assets as potential substitute assets. *Id.* at 10-11. The Lamborghini is not listed. Separately, the Government has filed *lis pendens* against 10 of these assets. ECF Nos. 27-36. The Lamborghini is not one of them. The Government has not otherwise sought to restrain the Lamborghini. *See, e.g.,* 21 U.S.C. § 853(e) (protective order); 21 U.S.C. § 853(f) (seizure warrant).

At Mr. Bouaziz's initial appearance, the parties jointly recommended a $500,000 10% bond co-signed by Mr. Bouaziz's spouse. I accepted this joint recommendation and released Mr. Bouaziz on May 27, 2022. One condition of the bond was, "None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property OR SIGNIFICANT PERSONAL PROPERTY they own, until the bond is discharged, or otherwise modified by the Court." ECF No. 6 at 2 ¶l. The Government took the position that there were 21 assets that fell within this bond condition. ECF No. 21 at 2-3. The Lamborghini vehicle is one of them. I allowed Mr. Bouaziz to continue to operate his art galleries, but gave the Government full access to the galleries' financial records. ECF No. 6 at 2, ¶¶f, v.

The Government asks that the Lamborghini transaction proceeds be escrowed "to be used, in the event of a conviction, to cover restitution and asset forfeiture payments resulting from [Mr.] Bouaziz's fraud scheme." ECF No. 21 at 6. The

Government's request is misplaced. Pretrial bond is not a mechanism to preserve assets. Mr. Bouaziz is presumed innocent. The sole purpose of prohibiting him from liquidating assets was as a condition to reasonably assure his appearance at trial. [2]

So, the only question before me is whether allowing Mr. Bouaziz to liquidate the Lamborghini lease will result in conditions of release that do not reasonably assure his appearance at trial. It will not. I find that, even without continuing to encumber the Lamborghini, the conditions of release are sufficient to reasonably assure Mr. Bouaziz's appearance.

Under the current bond, Mr. Bouaziz has deposited $50,000 in the registry of the Court. If he fails to appear as required, he and his wife will have to pay an additional $450,000 as a bond forfeiture. 18 U.S.C. § 3146(d). In this situation, the reason for precluding a bond signatory from dissipating assets is to ensure that there will be assets readily available to satisfy the bond forfeiture in the event of non-appearance. The theory is that tying up the assets makes it more certain that assets will be forfeited for non-appearance, which then will motivate the releasee to appear. Here, that exposure is capped at $450,000. So, at the margin, restraining assets greater than $450,000 does not increase the likelihood that Mr. Bouaziz will appear as required. Even if he does not appear, those excess assets cannot be taken as a punishment for the bond violation.

---

[2] The conditions of release were all directed at mitigating the risk of non-appearance. Release without special conditions would have been sufficient to reasonably assure the safety of the community. See 18 U.S.C. § 3142(b).

The Bail Reform Act does allow the Court to order the forfeiture of identifiable assets as a penalty for non-appearance and to restrain those assets as a special condition of bond. *See* 18 U.S.C. § 3142(c)(1)(B)(xi) (Court can require defendant to "execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money."). So, I could have made it a condition of bond that Mr. Bouaziz would forfeit some or all of the listed assets (including the Lamborghini) if he failed to appear. The Government did not request this condition, and I did not order it, because I did not think it was necessary.

At the end of the day, the parties recommended, and I agreed, that it was a sufficient financial condition of bond to put Mr. Bouaziz at risk to lose $50,000 cash with certainty and $450,000 in other assets with near certainty for failing to appear. Even without the Lamborghini, there is far more than $450,000 in assets still restrained by my bond order. Because releasing this asset does not materially change the risk of Mr. Bouaziz failing to appear and because a bond order cannot be used solely to restrain assets for future restitution or forfeiture, the Motion to Liquidate Assets is GRANTED.

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 26th day of July 2022.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE