UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80099-CR-AMC

UNITED STATES OF AMERICA,

Plaintiff,
vs.

DANIEL E. BOUAZIZ

Defendant.
_________________________________/

**DEFENDANT'S PARTIALLY UNOPPOSED MOTION FOR RETURN OF PROPERTY PURSUANT TO F.R.Cr.P. 41(g)**

COMES NOW, the Defendant, DANIEL E. BOUAZIZ, and files this, his Partially Unopposed Motion for Return of certain Property seized during a search warrant, executed in December 2021, at his places of business, and in support states as follows:

1. Defendant has been charged by Indictment with Wire and Mail Fraud and Money Laundering.

2. U.S. Magistrate Bruce Reinhart entered a bond order on May 27, 2022 (D.E. 6), which included several special conditions of bond, one of which prohibited the Defendant from selling, pledging or hypothecating numerous assets. Most of those assets were real property located within Palm Beach County, Florida, and the possessory interest of which, for Defendant, pre-dated the charges or dates of alleged charged conduct in the

underlying prosecution.

3. The items for which Defendant now seeks release from Government custody were not the subject of this Court's prior order (D.E. 6). Nor are any of the items mentioned herein seized as part of any seizure order issued by this Honorable Court. The undersigned has spoken with AUSA Peter Leserna prior to the filing of this Motion. ASUA Leserna is handling any forfeiture matter arising out of this cause of action and has filed an Appearance for the Government. He advised that forfeiture is not being sought as it relates to any of the works of art mentioned in the instant Motion for which Defendant now petitions return.

4. The items now sought to be returned are an original Monet in oil medium, known as "Vue generale de Rouen depuis la cote Sainte-Catherine", numerous Picasso plates and an oil medium painting by Russian artist Ivan Puni.

4. F.R.Cr.P. 41(g) provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

5. Without taking a position as to the unlawfulness of the search, at present, Defendant seeks restoration of his possessory interests of pieces of art seized during the execution of a search warrant some nine months ago. The items continue to remain the

possession of the Government, 9 months after their seizure, and there has been no evidence developed by the Government, nor expert witness opinion, who has suggested that any of the requested items are inauthentic. In fact, the Government has turned over evidence to the contrary as it relates to the Monet. The Government has provided to defense as part of this Court's Standing Discovery Order FBI 302's which memorialize a debriefing by federal agents of a source of information ("J.M."), hereinafter SOI. The Source of Information confirmed for agents that he had sold the original Monet to Bouazziz in trade for several pieces of real property, and that the painting was worth in today's market several million dollars if sold. It is worth noting that the sale occurred in 2013, almost a decade before any of charged conduct in the present Indictment. Besides AUSA Leserna's representations set forth, supra, such facts preclude any inference of co-mingled assets or that the Monet may constitute a substitute asset for forfeiture.

6. Lending further credibility to the authenticity of the piece, the Monet is also pictured in the Catalogue Raisonne for Monet.[1] Likewise the Picasso plates and the Puni are also contained in the varying and applicable Catalogue Raisonne's for each artist.

7. AUSA Sarah Schall does not oppose its release back to Bouaziz under two conditions: a) Bouaziz be prevented from selling the item. This is not in order to secure any evidentiary value to the Monet for later use by the Government, but simply because she will argue that the proceeds could be used to secure Defendant's flight from justice; and b) that Bouaziz not be permitted to argue at a later date that the item was an original, and

[1] A Catalogue Raisonne is an annotated work detailing original works of art unique for a particular artis, as an attestation for a work's authenticity. It is readily relied upon by the art community as part of the provenance of an artistic piece.

therefore, that is the reason why it was returned to the Defendant by the Government.

8. The defense would agree not to later independently argue, if the item is ordered returned by this Court, that the item must have been authentic, and thus the item was returned. It is the intent of the defense to have it independently authenticated, and then to sell it. Defense has previously filed two separate motions (D.E. 19 and 48) for permission to sell certain assets in order to pay Defendant's costs in running his two galleries and his own personal bills.

9. Additionally, the Defendant is the owner of hundreds of pieces of art which are presently in the care, custody and control of the Government, having been seized by federal law enforcement during a search of the Defendant's Worth Avenue art galleries in December 2021. Defendant is not petitioning for the return of all of the items seized by the Government. These will continue to remain in the Government's possession. Additionally, the Defendant has tens of millions of dollars worth of art situated his two art galleries on Worth Ave. in Palm Beach County. These were never seized by federal authorities, most of which were purchased by the Defendant in advance of any of the charged conduct detailed in the Indictment.

10.There are more than adequate non-tainted assets to assure that any restitution and forfeiture can be satisfied out of what is presently in the possession of the Government, as well as assets tied up with the bond conditions explained above. Almost all of these assets pre-dated the charged conduct and were amassed over a lifetime of hard work by Bouaziz.

11. Bouaziz is not petitioning for the return of any items for which these is a good faith basis for the Government to say that we need to maintain these items because they have an evidentiary value. Not at all. These are items that the Government has had in their possession for almost a year, and no efforts have been exerted to disprove their authenticity; contrarily, they have developed information attesting to the item's validity. These items were lawfully possessed by Bouaziz and should be returned to him. F.R.Cr.P. 41(g) further provides: "If [the Court] grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings. No such protections are needed since the Government will undoubtedly not be wanting to introduce to a jury evidence of actual authentic works of art being sold by Bouaziz

12. Defendant has, as of the time of the filing of this motion, reimbursed all purchasers (Buyers 1-6) noted in the Indictment, three of which were reimbursed prior to the Government conducting the search and seizure in December 2021, and before the defendant was aware that law enforcement was investigating him. [2]

---

[2] The undersigned has been in contact with a local buyer ("D.N.") who was partially reimbursed,

but wished to keep certain items sold to her by Defendant and which items were not seized by law enforcement from her home. There is a small amount of money still owed to this buyer, and the undersigned is negotiating the return of items for which the buyer has been reimbursed.

WHEREFORE, the Defendant requests that this Honorable Court enter an order returning the items enumerated under the authority of F.R.Cr.P. 41(g).

.

I HEREBY CERTIFY that a copy of the foregoing was sent via CM/ECF to all parties this 27th day of September, 2022.

HOWARD J. SCHUMACHER, P.A.
1 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33301
(954) 356-0477
FL Bar No: 776335

/S/ Howard J. Schumacher, Esq.

HOWARD J. SCHUMACHER, ESQ.